IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

KATHRYN A. COWAN,            )
                             )
            Plaintiff,       )
                             )
     v.                      )        Case No. 09-1154-WEB
                             )
MICHAEL ASTRUE,              )
Commissioner of Social Security, )
                             )
            Defendant.       )

MEMORANDUM AND ORDER

Before the court is the review of the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter was referred to Magistrate Judge Cohn for a recommendation and report pursuant to Rule 72 (b), Federal Rules of Civil Procedure. Magistrate Judge Cohn recommended the decision of the Commissioner be reversed, and the case be remanded for further proceedings. (Doc. 19). The Defendant filed objections to the Recommendation and Report. The Defendant argues that substantial evidence supports the Administrative Law Judge's (ALJ) determination that Plaintiff was not disabled. The Defendant argues the ALJ's RFC determination was not inconsistent with the evidence. The Defendant also argues that the ALJ did not need to do a function-by-function analysis at step five. Finally, the Defendant argues the ALJ did not err in considering the Plaintiff's daily activities in determining disability.

The Magistrate Judge found the ALJ's RFC findings were not supported by substantial evidence. Specifically, the Magistrate Judge ruled the ALJ's RFC findings did not include a narrative discussion describing how the evidence supports each conclusion. The ALJ did not

1

cite to medical records to support his RFC findings. The Magistrate Judge also found the ALJ should make new credibility findings. The Magistrate Judge found serious concerns with the weight the ALJ placed on the Plaintiff's daily activities.

The ALJ must include an analysis in the RFC determination to show all the evidence was considered, and cite to the evidence that supports his decision. Barnett v. Apfel, 231 F.3d 687, 689 (10th Cir. 2000). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis, and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p at 7. A review of the decision by the ALJ shows that the decision is not supported by citation to medical evidence, nor is it clear what evidence is discounted and what evidence the ALJ relied upon. The ALJ did not discuss ambiguities in the record. Therefore, the court cannot assess whether relevant evidence supports the ALJ's findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Because the ALJ's RFC assessment is not based on substantial evidence in the record, the case must be remanded.

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p at 3. "At step 5 of the sequential evaluation process, RFC must be expressed in terms of, or related to, the exertional categories when the adjudicator determines whether there is other work the individual

can do. However ... the individual must be able to perform substantially all of the exertional and nonexertional functions required in work at that level. Therefore, it is necessary to assess the individual's capacity to perform each of these functions in order to decide which exertional level is appropriate and whether the individual is capable of doing the full range of work contemplated by the exertional level." SSR 96-8p at 3. This ruling also states that the initial function-by-function assessment is useful in determining whether the claimant can do past relevant work because "particular occupations may not require all of the exertional and nonexertional demands necessary to do the full range of work at a given exertional level." SSR 96-8p at 3. Although a function-by-function analysis is not necessary in every case, this court has already determined the ALJ did not set forth sufficient evidence in the record regarding the RFC findings. A function-by-function analysis will be helpful to determine the RFC of the claimant, and assist in setting forththe evidence.

The ALJ will need to make new credibility findings after considering the medical evidence and opinions. In making the credibility findings, the ALJ should cite to specific evidence in determining the claimant's credibility. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Credibility should be assessed in conjecture with other factors, such as the medical history of the claimant, medications, nonmedical evidence, other symptoms, and the testimony of other witnesses. Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988).

Therefore it is ORDERED that the Recommendation and Report (Doc. 19) be adopted by the Court.

It is further ORDERED that the decision of the Commissioner be REVERSED and the matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further development

in accordance with the standards set out in the Recommendation and Report.

The Clerk of the Court is directed to enter Judgment accordingly.

SO ORDERED this 27th day of May, 2010.


    s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge